1  JOHN A. RUSSO, City Attorney - State Bar No. 129729
   RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar No. 080142
2  INES V. FRAENKEL, Supervising Trial Attorney - State Bar No. 108113
   R. MANUEL FORTES, Deputy City Attorney - State Bar No. 139249
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-3751    Fax: (510) 238-6500
   22545/300082
5
   Attorneys for Defendant
6  CITY OF OAKLAND

ORIGINAL FILED
JAN - 3 2003
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KERMIT DEARMAN,

    Plaintiff,

v.

CITY OF OAKLAND, OFFICER WEBER, and DOES 1 to 100, inclusive,

    Defendants.

Case No. C 03 0023 EDL

NOTICE OF REMOVAL OF ACTION
(28 U.S.C. Section 1446)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA:

    **PLEASE TAKE NOTICE** that Defendant CITY OF OAKLAND hereby requests that the state court action described below be removed to this Court pursuant to Title 28, United States Code, Section 1446.

I.

    On November 20, 2002, plaintiff filed the above-referenced action, Civil Case No. 2002073156, in the Superior Court of the State of California, County of Alameda and it is now pending in that Court. A copy of Plaintiff's Summons and Complaint is

attached hereto as Exhibit "A". No further pleadings have been filed herein in the Superior Court.

## II.

Plaintiff served Defendant City of Oakland with the Summons and Complaint on December 6, 2002, and served Officer Weber on or about December 17, 2002.

## III.

Plaintiff's complaint alleges, inter alia, various Federal Claims within the jurisdiction of this Court and actionable pursuant to Title 42, United States Code, Section 1983 including violation of the Fourth, Fifth and Fourteenth Amendments. Plaintiff also alleges various state causes action for Assault and Battery, False Arrest/Imprisonment, Negligence, Intentional Infliction of Emotional Distress.

Plaintiff brings the above-stated Federal claims under Title 42, United States Code, Section 1983. This Court has original jurisdiction of this action pursuant to Title 28, U.S.C., Section 1331, because it includes the above-stated Federal questions. The action may, therefore, be removed to this Court pursuant to 28 U.S.C. Section 1441(b). Further, the Court has supplemental jurisdiction of the included state causes of action.

## IV.

Written notice of the filing of this Notice of Removal is being served on plaintiff's counsel this date.

## V.

Defendant City of Oakland hereby files this Notice of Removal of Action with this Court within 30 days of the date of service of Plaintiff's Summons and Complaint, the first documents that indicate a basis for this removal.

///

///

///

## VI.

A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the State of California, County of Alameda.

DATED: January 3, 2003

Respectfully submitted,

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Chief Assistant City Attorney
R. MANUEL FORTES, Deputy City Attorney

By: _____
Attorneys for Defendant
CITY OF OAKLAND

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
CITY OF OAKLAND, OFFICER WEBER, and DOES 1 to 100, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
KERMIT DEARMAN

---

You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.

Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.

Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.

Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).

---

The name and address of the court is: *(El nombre y dirección de la corte es)*
ALAMEDA SUPERIOR COURT
1225 Fallon Street
Oakland, California 94612

**CASE NUMBER:** *(Número del Caso)*
**2 0 0 2 0 7 3 1 5 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Edward C. Casey Jr. -123702
LAW OFFICES OF EDWARD C. CASEY JR.
2100 Lakeshore Avenue, Suite A
Oakland, CA 94606
510.208.4422

DATE: NOV 2 0 2002
(Fecha)

ARTHUR SIMS
EXECUTIVE OFFICER/CLERK

Clerk, by _____, Deputy
(Actuario)                  (Delegado)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
       ☐ other:

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(9) (Rev. January 1, 1984)

(See reverse for Proof of Service)
SUMMONS

EDWARD C. CASEY, JR., ESQ.     CSB: 123702
LAW OFFICES OF EDWARD C. CASEY JR.
2100 Lakeshore Avenue, Suite A
Oakland, California 94606
510.208.4422
510.272.9999 fax

Attorneys for Plaintiff
KERMIT DEARMAN

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

KERMIT DEARMAN,

       Plaintiff,

v.

CITY OF OAKLAND,
OFFICER WEBER, and
DOES 1 to 100, inclusive,

       Defendants.

Case No. **2002073156**

**COMPLAINT FOR DAMAGES**

1. Violation of 42 U.S.C. §1983
2. Violation of 42 U.S.C. §1983
3. Assault and Battery
4. False Arrest/Imprisonment
5. Negligence
6. Intentional Infliction of Emotional Distress
7. Violation of Civil Code §52.1

JURY TRIAL DEMANDED

Come now, plaintiff KERMIT DEARMAN and for causes of action against defendants, and each of them, alleges as follows:

**PARTIES TO THE ACTION**

1. At all times mentioned herein, Plaintiff KERMIT DEARMAN is and was a resident of Oakland, California.

Complaint for Damages

2. At all times mentioned herein, the defendant CITY OF OAKLAND ("CITY") was and is a Municipal Corporation located in the County of Alameda, duly organized and existing under the laws of the State of California.

3. At all times mentioned herein, defendant OFFICER WEBER ("WEBER") and DOES 1 to 100 were employed as police officers for defendant CITY. Said defendant officers are sued herein individually and in their capacities as police officers for the CITY. In engaging in the conduct described herein, said defendant officers acted under color of law and in the course and scope of their employment by the CITY. In engaging in the conduct described herein, said defendant officers exceeded the authority vested in them as police officers under the Untied Sates Constitution, the Constitution of the State of California, and as employees of the CITY.

4. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1 to 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by the plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the true names and capacities of defendant DOES 1 to 100, inclusive, when each such name has been ascertained.

5. At all times mentioned herein, the plaintiffs are

2

Complaint for Damages

1. informed and believe and thereon allege that each and every defendant was the agent, employee, and/or servant of every other defendant, and performed the acts complained of herein in the course and scope of such agency, servitude, and/or employment, and was acting with the consent, ratification, permission, knowledge, and authorization of each of the remaining defendants. All of the acts and/or conduct of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the defendants, and each of them.

6. In accordance with the appropriate regulations, codes, and statutes, including but not limited to the Government Code, the plaintiffs have complied with the administrative and/or governmental claims requirements under California Law. Plaintiffs have complied with all applicable requirements.

## FACTUAL ALLEGATIONS

7. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 6 of this complaint into their factual allegations.

8. On November 20, 2001 the plaintiff DEARMAN was at his girlfriend's residence, 3600 Diamond, Apartment 102, Oakland, California. Plaintiff's then girlfriend, Monica Holmes, was involved in a verbal argument with her sister. Plaintiff was

3

Complaint for Damages

1 not involved in the argument.

2     9. A few minutes after Monica's sister left the premises, there was a knock and a voice indicating that the Oakland police officers were at the front door. Plaintiff opened the door immediately to let the in. When he did so, the officers immediately began yelling at him, "Get back, get back".

    10. Plaintiff immediately complied with their requests. WEBER then began barking "What's your PFN number?, What's your PFN number". Plaintiff was at a loss and had no idea what he was being asked. Plaintiff has since learned that a PFN number is an identification number given to people who have been in the California Department of Corrections. However, at no time has Plaintiff been in the California Department of Corrections and he otherwise has no criminal record.

    11. WEBER turned Plaintiff around and put his hands in handcuffs. WEBER then began to search Plaintiff's clothing and removed Plaintiff's wallet from his pants pocket stating "I'll find your PFN number". At no time did Plaintiff consent to the search of his person.

    12. Plaintiff reasonably felt he was not free to leave. Without reasonable suspicion or probable cause, Defendant WEBER man-handled Plaintiff and searched his person.

    13. In the mean time, Plaintiff was complaining that the handcuffs were too tight and were causing him severe pain. To this, WEBER replied, "Their not supposed to feel good". WEBER

4

Complaint for Damages

did not loosen the cuffs as requested by Plaintiff.

14. Plaintiff remained in the cuffs while WEBER's partner radioed in Plaintiff's identification to check for outstanding warrants or criminal history.

15. After WEBER's partner stated "He's CHARLIE", apparently meaning Plaintiff's record was "clean", Plaintiff was eventually released from the handcuffs. However, the severe tightness of the handcuffs had already caused damage to Plaintiff's wrist. Plaintiff is informed and believes that he has suffered an injury to his left radial nerve which will likely require surgery to repair.

**FIRST CAUSE OF ACTION**
Violation of 42 U.S.C §1983
(Against Defendant police officers and DOES 1 to 100)

16. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 15 of this complaint into his First Cause of Action.

17. In doing the acts complained of herein, Defendant police officers, including but not limited to WEBER, acted under color of law to deprive plaintiff of certain well established and clearly defined constitutional rights, including but no limited to:

   a. The right to be free from unreasonable searches and seizures and/or excessive force, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty

without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

    e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

18. As a legal and/or proximate result of such conduct, plaintiff has suffered damages as set forth herein.

**SECOND CAUSE OF ACTION**
Violation of 42 U.S.C. §1983
(As against Defendant CITY)

19. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 18 of this complaint into his Second Cause of Action.

20. Defendant CITY, by and through its supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant police officers herein and other Oakland police officers, consisting of, among other violations listed herein, the use of unnecessary and excessive force against

citizens. Additionally, defendant CITY and other CITY supervisory employees, have been given notice on repeated occasions of a pattern of constitutional violations and practices by defendant police officers and other Oakland police officers of meting out punishment ("street justice") in the form of excessive force while detaining or arresting individuals, with or without probable cause and/or reasonable suspicion.

21. Despite said notice, defendant CITY by and through its supervisory personnel and employees have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, and adequate measures to prevent the continued perpetration of said pattern of conduct by Oakland police officers. This lack of adequate supervisorial response by defendant CITY demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force and constitutional violations against citizens by Oakland police officers.

22. The acts of defendant police officers alleged herein are the direct, legal and/or proximate result of the deliberate indifference of defendant CITY to violation of the constitutional rights of citizens by defendant police officers herein, and other members of the Oakland police department. Plaintiff's injuries and damages are a foreseeable and legal

and/or proximate result of the deliberate indifference of the CITY to the pattern, customs, practices, and policies described above.

23. As a legal and/or proximate result of such conduct, plaintiff has suffered damages as set forth herein.

### THIRD CAUSE OF ACTION
Assault and Battery

24. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 23 of this complaint into his Third Cause of Action.

25. By the conduct alleged herein, Defendant WEBER placed plaintiff DEARMAN in immediate and imminent fear of severe bodily harm and thereby committed assault on plaintiff DEARMAN.

26. By the conduct alleged herein, defendant WEBER violently touched and handled plaintiff DEARMAN in a harmful and/or offensive manner.

27. Defendant DEARMAN's conduct was without consent and/or legal justification and was malicious and oppressive.

28. As a legal and/or proximate result of such conduct, plaintiff has suffered damages as set forth herein.

### FOURTH CAUSE OF ACTION
False Arrest and/or Imprisonment

29. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 28 of this complaint into his Fourth Cause of Action.

30. By their conduct and actions specified herein,

Complaint for Damages

Defendant police officers and each of them falsely arrested, detained and/or imprisoned plaintiff without probable cause such that he was not free to go and was in fact wrongfully physically confined. Plaintiff had committed no crimes and there was no basis upon which defendants could have reasonably believed plaintiff DEARMAN had committed any crimes which would justify arrest, detention, and/or imprisonment.

31. Defendant police officers failed to observe proper police procedures in detaining plaintiff DEARMAN without reasonable suspicion and/or probable cause and exceeded the limits of their authority as police officers in falsely detaining and/or arresting Plaintiff DEARMAN without probable cause and/or reasonable suspicion and in using excessive and unnecessary force against plaintiff DEARMAN. Defendants conduct was malicious and/or oppressive and otherwise would justify the imposition of punitive damages.

32. As a legal and/or proximate result of such conduct, plaintiff has suffered damages as set forth herein.

### FIFTH CAUSE OF ACTION
Negligence

33. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 32 of this complaint into his Fifth Cause of Action.

34. The conduct of the defendant police officers outlined herein constitutes negligence in the performance of their duties as police officers and/or as citizens of the State of

9

Complaint for Damages

California. Defendants had a duty to act and/or refrain from acting in a way which might reasonably tend to injure the plaintiff DEARMAN. Defendants, and each of them, breached this duty.

35. As a legal and/or proximate result of such conduct, plaintiff has suffered damages as set forth herein.

### SIXTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress

36. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 37 of this complaint into their Sixth Cause of Action.

37. The conduct of defendant police officers as set forth herein was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens of a democratic and civilized society.

38. Defendants conduct was done with the intention of causing the plaintiff extreme emotional distress and/or with conscious disregard for the probability that plaintiff DEARMAN would suffer severe emotional distress. Further, such conduct was malicious and/or oppressive such that punitive damages are warranted.

39. As a legal and/or proximate result of such conduct, plaintiff has suffered extreme and severe emotional distress and damages as set forth herein.

### SEVENTH CAUSE OF ACTION
Violation of Civil Code §52.1

40. The plaintiff incorporates by reference as if fully set forth and alleged herein, paragraphs 1 through 39 of this complaint into his Seventh Cause of Action.

41. The conduct of the Defendant police officers as described herein acting within the course and scope of their employment with the CITY violated California Civil Code section 52.1 in that they interfered with the plaintiff DEARMAN's exercise and enjoyment of his civil rights as enumerated above and rights enumerated in the First, Seventh, and Thirteenth Articles to the California Constitution to be free from unreasonable search and seizure through use of wrongful force.

42. As a legal and/or proximate result of such conduct, plaintiff has suffered damages as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages according to proof;
4. For interest at the legal rate on all sums awarded as damages;
5. For attorneys' fees incurred herein;
6. For statutory damages allowed as per Civil Code §52.1.
6. For case costs herein incurred;

7.  For such other and further relief as the Court may deem proper.

DATED: November 20, 2002     LAW OFFICES OF EDWARD C. CASEY, JR.

By: _____
EDWARD C. CASEY, JR.
Attorneys for Plaintiff

12

Complaint for Damages